IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES SAMUEL JOHNSON, JR.                                                                PLAINTIFF

v.                                    Civil No.: 4:16-CV-04109

CORPORAL TEFT, OFFICER                                                                      DEFENDANTS
RODRIGUEZ, COPORAL HENSLEY,
SERGEANT MOON, and CORPORAL
GRIFFIE (All of Miller County Detention
Center)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is the dismissal of this case pursuant to a settlement agreement.

Plaintiff filed his Complaint on November 11, 2016. (ECF No. 1). Plaintiff alleges that his constitutional rights were violated while he was incarcerated in the Miller County Detention Center. Plaintiff alleges that on August 11, 2016, Defendants Teft, Rodriguez, and Moon failed to protect him from an attack by his cellmate after Plaintiff had informed them that he was in danger from that cellmate. (*Id*. at 4-8). Plaintiff further alleges that Defendants Hensley, Teft, Rodriguez, and Griffie used excessive force against him on August 30, 2016. (*Id*. at 9-11).

On April 4, 2018, Plaintiff filed a Motion to Withdraw his excessive force claim. (ECF No. 45). This Motion was granted on April 18, 2018, dismissing Plaintiff's excessive force claim without prejudice. (ECF No. 54).

A mandatory Settlement Conference was held on May 10, 2018, with the undersigned presiding. (ECF No. 56). The sole remaining claim was Plaintiff's failure to protect claim arising on August 11, 2016. The conference began at 10:00 a.m. in Fort Smith. The Plaintiff initially offered to settle the claim for an opening sum of money. That offer was rejected by the Defendants and a counter offer of a sum of money was made. The negotiations continued back and forth for an hour and four minutes until the Plaintiff and Defendant reached a settlement agreement concerning this claim for the sum of $2000.00.

At the conclusion of the Settlement Conference, both the Plaintiff and the Defendant acknowledged to the undersigned that they understood and agreed to the settlement. By agreeing to the settlement payment, Plaintiff agreed to dismiss the failure to protect claim against the Defendants.

Plaintiff subsequently refused to sign the release documents sent to him, instead filing two motions with the Court.[1] (ECF Nos. 61, 62). In these documents, Plaintiff appeared to state that he had agreed to settle the case, not dismiss the case. (ECF No. 62). He further stated any fines should not be subtracted from the settlement amount. (ECF No. 61). Plaintiff's Motions were denied on July 17, 2018. (ECF No. 63). In the Order, the Court noted that while there was some discussion about the Plaintiff's existing fines during the conference, those fines were not considered in the final settlement amount and the Plaintiff's entire claim was settled for $2000.00.

The undersigned reviewed the proposed released documents and asked Defendants to revise the documents to address Plaintiff's concerns. On July 17, 2018, the Honorable Susan O. Hickey entered an Order and Judgment closing the case but retaining jurisdiction in the case in the event the settlement was not completed, and further litigation was necessary. (ECF No. 64). On

---

[1] Motion to Find Out What Type of Damages the Settlement was to Satisfy (ECF No. 61), and Motion to Have Defendant Comply with the Terms of the Settlement. (ECF No. 62).

August 6, 2018, Plaintiff filed a Notice of Address change indicating that he was no longer incarcerated. (ECF No. 65).

On August 13, 2018, Defendants filed a Motion to Enforce Judgment, noting they had revised the release documents, but Plaintiff refused to sign them. They further state Plaintiff had not stated any basis under Fed. R. Civ. P. 60 for relief from the Order and Judgment. (ECF No. 66). On August 16, 2018, Defendants filed a Motion for Order to Deposit Settlement Funds into the Registry of the Court. (ECF No. 69). After reviewing the attached release documents for both motions, the undersigned further revised the release documents to address Plaintiff's concerns. This revision was approved by Defendants and sent to Plaintiff for review. Plaintiff was directed to respond to the Court regarding these revisions no later than October 15, 2018. (ECF No. 73). Plaintiff has failed to do so and has provided no explanation for his failure. It has come to the attention of the undersigned that Plaintiff has filed another case in this District,[2] re-alleging his failure to protect claim, as well as alleging other claims concerning his incarceration in the Miller County Detention Center. A Motion to Dismiss regarding the failure to protect claim is currently pending in that case.

On October 25, 2018, the undersigned entered an Order granting Defendants Motion to Deposit Settlement Funds with the Registry of the Court. This Order releases Defendants from liability with regard to Plaintiff's failure to protect claim in this case. (ECF No. 74).

Accordingly, I recommend that Plaintiff's failure to protect claim in this case be DISMISSED WITH PREJUDICE. I further recommend that Plaintiff be advised that he may petition the Court for disbursement of the settlement funds.

---

[2] *Johnson v. King*, Case No. 4:18-cv-04113.

3

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **25th day of October 2018**.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE